In the Matter of the Final Accounting of EDWARD J. MAXWELL, Appellant, as Assignee of JOHN REDDISH.

*Appeal — not heard twice under distinct notices of appeal.*

Where a notice of appeal to the General Term is addressed to all the parties in the action other than the appellant, and is served upon only a portion of them, and the case is argued before and decided by the General Term upon such appeal, that court will not hear a further argument in the same case under a subsequent notice of appeal served upon those of the parties to the action upon whom the first notice of appeal was not served.

MOTION to dismiss an appeal taken by Edward J. Maxwell from a. decree of the County Court of Montgomery county, dated October 19, 1891, and to strike the case from the calendar of the court.

*Z. S. Westbrook*, for the respondents and motion.

*Edward J. Maxwell*, appellant, in person, opposed.

HERRICK, J. :

This is a motion to dismiss the appeal of Edward J. Maxwell, and strike the case from the calendar of this court.

On the 19th day of October, 1891, a decree was made by the county judge of Montgomery county, stating the account of Edward J. Maxwell, as assignee, charging him with the receipt of certain assets and directing the payment of certain claims.

On the 6th day of November, 1891, he gave notice of an appeal directed to Daniel M. Reddish and Henry E. Reddish, creditors, among others, wherein he gives notice that he appeals "from so much of the decree and judgment herein as adjudges and decrees that said assignee be charged upon the accounting with the sum of $4,757.39, and directs said assignee to distribute the sum of $2,496.67 as specified in said decree, as follows, viz., to Daniel M. Reddish, the sum of $291.10 ; to the First National Bank of Amsterdam, the sum of $967.02 ; to Henry E. Reddish, the sum of $307.89. Also, from so much of said decree and judgment as confirm the reports of H. L. Huston, the referee appointed to take and state the account herein."

. This appeal was brought on for argument before this court, and the decree and judgment thereon affirmed.    (66 Hun, 151.)

The notice of that appeal does not appear to have been served upon either of the Reddishes ; the First National Bank of Amsterdam, a creditor of Maxwell, assignee, being both a respondent and appellant, was the only party appearing upon the hearing in opposition to Maxwell.

Subsequently, the appellant, Maxwell, by a paper dated August 21, 1893, directed to Westbrook & Borst, as attorneys for Henry E. Reddish and Daniel M. Reddish, and to Henry E. Reddish and Daniel M. Reddish, personally, gave notice that he appealed "from

so much of the judgment and decree in the above-entitled matter, entered herein on the 19th day of October, 1891, as directs the payment to the said Henry E. Reddish of the sum of $742.12, in the aggregate, and to the said Daniel M. Reddish the sum of $291.10, and as confirms the reports of the referee on the accounting herein, and also to so much of the said decree as charges said appellant with the sum of $753.34, value of certain wool specified in said decree, and with seventy dollars, value of buggy."

From this it will be seen that both appeals are from the same judgment and decree, and that all the parties hereto were parties to such decree, and those who were named in and made parties to this second appeal were named in and made parties to the first appeal, although not served with notice of the first appeal.

The propriety of the referee's findings were passed upon when these proceedings were first before this court, and the amount that the assignee should be charged with was investigated and the referee's report confirmed.

It is not tolerable to permit an assignee to take separate appeals as to each of the creditors of the estate; the decree made covers all the claims against the estate; all the creditors were parties to it, and all the creditors as to the allowance of whose claims the assignee proposed to object were proper and necessary parties to the appeal; he made them such parties in his first appeal, and he cannot subsequently separate them and bring the case of some of them before the court at one time, as one case and one appeal, and the others before the court at another time, as another case and another appeal, and vex the court by unnecessary litigation.

It is one decree and judgment that has been appealed from, and upon that the appellant has been heard; a rehearing cannot be obtained by bringing the case up again as to other parties who were not brought into court because of the appellant's own act, although formally made parties to the appeal.

The appellant Maxwell is an attorney and counselor of this court, and in the proceedings before the referee, it appears from the moving papers herein, and is admitted by him, that he represented the creditors Henry E. Reddish and Daniel M. Reddish, and presented their claims against the estate of which he was the assignee to the referee, and that in such proceedings they had no other representa-

tive or attorney but him. The impropriety of the assignee acting as attorney for creditors of the estate must be obvious to any one, but having so acted it would be intolerable to permit him to appeal from a decision in their favor, which chances in its ultimate result to affect him pecuniarily. If it affected other creditors of the estate it is possible that such other creditors would have a sufficient ground of appeal from the very fact that the assignee has appeared as attorney for the Reddishes in such proceedings, but he cannot be permitted to apply for such relief.

The appeal is dismissed, the case stricken from the calendar of this court, with ten dollars costs of motion.

MAYHAM, P. J., and PUTNAM, J., concurred.

Motion to dismiss appeal granted, with ten dollars costs.